UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. BROWN,

        Plaintiff,               Case No. 4:23-cv-10832

                                       Shalina D. Kumar
                                       United States District Judge
v.

                                       Mag. Judge David R. Grand

BAGLEY et al.,

        Defendants.

_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff David J. Brown, presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a). Plaintiff alleges that defendants, Correctional Officer Bagley and the Michigan Department of Corrections ("MDOC"), violated his Eighth Amendment rights by sanctioning a fight between plaintiff and another inmate. At the time of the incident, plaintiff was incarcerated at the Michigan Reformatory located in Ionia, Michigan.

Having reviewed the complaint, the Court concludes that the proper venue for this action is in the Western District of Michigan and orders that the case be immediately transferred to that district.

The proper venue for civil actions is the judicial district where (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may otherwise bring the action. *See* 28 U.S.C. § 1391(b). When an action is filed in the wrong venue, the court in which it was filed may dismiss it, "or if it be in the interest of justice, transfer" it to the proper venue. 28 U.S.C. § 1406(a). The decision to dismiss or transfer a case for improper venue lies within the court's sound discretion. *Means v. U.S. Conf. of Cath. Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) (citing *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998)). District courts are authorized to transfer such cases sua sponte, *i.e.,* on its own. *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Here, the complaint reveals that the alleged fight giving rise to plaintiff's claims occurred at the Michigan Reformatory in Ionia, Michigan. Ionia, Michigan is within the Western District of Michigan. *See* 28 U.S.C.

§ 102(b). Plaintiff does not allege that any of the acts, events, or omissions which form the basis of his action took place in the Eastern District of Michigan. *See Miles v. WTMX Radio*, 15 F. App'x. 213, 215 (6th Cir. 2001). No apparent basis therefore exists for venue to lie in the Eastern District. Because the facts of the complaint suggest that venue is proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the Western District, the district where the case should have been filed in the first place.

Accordingly, **IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

It is noted that this Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

**SO ORDERED.**

Dated: September 18, 2023

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

3